JOHN MCCREARY, Plaintiff in Error, *v.* LUCIUS NEWBERRY *et al.*, Defendants in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

In an action upon a note made payable at a particular place, a party will not be entitled to a continuance, because he can prove that he had funds at the place of payment, four days after the maturity of the note.

THIS action was assumpsit, brought by Lucius Newberry and others, against McCreary.

The plaintiff's declaration contained a special count upon a promissory note made by defendant, bearing date the 15th day of April, 1858, for four hundred and ninety-six and fifteen-hun-

dredths dollars, payable nine months after date, at the Marine Bank, Chicago, with interest after six months, and the common counts.

To which the defendant plead the general issue, and to the first count two special pleas as follows :

" And for a further plea in this behalf, as to said first count, the said defendant says *actio non*, because, he says, that after the making of the said several promises and undertakings, in the said first count mentioned, and before and at the time the said promissory note became due and payable, and before the commencement of this suit, to wit, on the 15th day of January, A. D. 1859, to wit, at said county of Cook, the said defendant deposited and caused to be paid for the purpose of discharging the said promissory note, at the place where said promissory note was payable, to wit, into the Marine Bank, in the city of Chicago, a sum of money sufficient to pay the same, together with the interest thereon, to wit, the sum of five hundred and four dollars ; and the said sum of money so deposited and paid into said bank, did there leave for the purpose aforesaid ; and this," etc.

Second special plea : " That before and at the time the said supposed promissory note, in said first count mentioned, became due and payable, on, to wit, the 15th day of January, A. D. 1859, the said the Marine Bank of Chicago aforesaid, was the agent of the said plaintiffs and of defendant, for the payment and receiving of the said sum of money, payable in and by the said supposed promissory note ; that on the day when the said note was payable by the terms thereof, to wit, the day and year last aforesaid, defendant paid into the said bank, being such agent aforesaid, and said bank then and there received the amount of said note and interest, to wit, the sum of five hundred and four dollars, in full payment thereof, and interest thereon ; and this," etc.

To the first special plea the plaintiffs replied, that the defendant did not, before and at the time the said note became due and payable, deposit and cause to be paid, for the purpose of discharging the said note, at the Marine Bank of Chicago, a sum of money sufficient to pay the same with interest thereon, and the said sum of money leave for the purpose aforesaid ; and concludes to the country.

And to the second plea replied : That the said defendant did not, on the day when said note was payable by the terms thereof, pay into the said Marine Bank of Chicago the amount of said note and interest in full payment of said promissory note ; and concludes to the country.

32

Which were the only issues taken upon said pleas. The defendant added the similiter.

The bill of exceptions shows that on the 14th day of March, 1860, the defendant, by his counsel, filed an affidavit and letter in said cause, and moved for a continuance of the same. The affidavit so filed as aforesaid is as follows:

"SUPERIOR COURT OF CHICAGO:

Lucius Newberry et al.
      vs.      } State of Illinois, County of Cook, ss.
John McCreary.

"W. K. McAllister being duly sworn, deposes and says, that he is acquainted with the said defendant; that defendant resides in Springfield in this State, and deponent is his authorized agent in respect to this suit, and knows the defendant's case, and the facts which he expects to prove to constitute his defense therein. And deponent further says, that Edward P. Niles is a necessary and material witness for the defendant in this cause, without whose testimony the defendant cannot safely proceed to the trial of the same; that defendant expects to prove by the said Niles, that on the 28th day of January, 1859, and for some time prior, said Niles was the corresponding clerk of the Marine Bank in Chicago; that on the 19th day of January, said Niles, as such clerk, received a letter from the defendant, from Springfield, enclosing the sum of ten hundred and forty-seven dollars and twenty-five cents, for said defendant, out of which the said bank was directed by defendant, in said letter, to pay a note of defendant's for five hundred and forty-three dollars and fifty cents, and with the balance—$503.75—to pay the note in question in this suit; and said balance was left with said bank for that purpose; that in reply to said letter, the said Niles wrote and sent to the defendant the letter dated January 28th, 1859, herewith filed as a part of this affidavit. And deponent further says, that the said Niles continued in said bank during all last season, and this until recently; that deponent has sent his clerk to said bank to make inquiries as to where said Niles could be found, and could get no information whatever as to where he now resided or could be found; that on the 8th day of March instant, deponent caused a subpoena to be issued for said Niles' attendance, as a witness in this cause, on the 12th day of March instant; that the same was given by him, on said 8th day of March, to Mr. Dart, a deputy sheriff, and was returned by him that said witness could not be found. That deponent has frequently, during the term of this court, made inquiries of other bankers, who did business daily at said Marine Bank, and knew

McCreary *v.* Newberry et al.

said Niles whilst he was there, as to the whereabouts of said Niles, but could get no information as to where said Niles had gone, or where he could be found. Deponent further says, that he has this day ascertained, for the first time, that said witness Niles has gone to and now resides in the city of New York; that the defendant will be able to procure his testimony by the middle of next month. Deponent further testifies, that there is no other testimony to his knowledge, and, as he is informed by defendant, to defendant's knowledge, by whom he can prove the actual receipt of said money as aforesaid, or the said directions given by the defendant, as to the application of the same, besides said Niles; that said letter cannot be found, or its contents proved, by any other person; that this application is not made for delay, but in good faith, that the defendant may prove his defense; nor did said witness leave with deponent's or said defendant's privity or consent. Sworn," etc.

The said letter referred to in said affidavit is as follows:

"MARINE BANK OF CHICAGO,
*Chicago, Ill., Jan'y* 28, 1859.

JOHN MCCREARY, Esq.,
*Springfield, Ill.:*

DEAR SIR: Yours of 18th received,
enclosing dft ............ ..............................$1,047.25
I return cancelled your note ............................  543.50

To your credit ......................................  $503.75
The other note has not been presented.
                        Respectfully,            B. F. CARVER, *Cash.*
                                                 E. P. NILES."

The court overruled the said motion for a continuance (which was the first and only motion to continue the case made therein), and the defendant excepted.

The case was then brought on for trial before the court. The reading of said promissory note was the only evidence given on the trial; and the court, on said 14th day of March, A. D. 1860, gave judgment for the plaintiffs, and against defendant, for the sum of five hundred and thirty-eight dollars and thirty-two cents. The defendant's counsel thereupon made a motion for a new trial, which the court overruled, and the defendant's counsel then and there excepted.

The defendant aforesaid sued out a writ of error from this court, which was made a supersedeas, and assigns for error, that the court below erred in overruling the said motion for a continuance, and also, that the court erred in overruling said motion for a new trial.

The motion for a continuance was denied, and the plaintiff below took judgment.

SCATES, MCALLISTER & JEWETT, for Plaintiff in Error.

HELM & CLARK, for Defendants in Error.

CATON, C. J. We are of opinion that the court below properly overruled the motion for a continuance. The issue presented and to be tried was, whether the defendant had funds at the Marine Bank sufficient to pay the note on the day of its maturity. The affidavit showed that he could prove by the absent witness, that he had funds there four days after the maturity. There was no issue to which this testimony would have been pertinent, and we think the continuance was properly denied.

The judgment is affirmed.                    *Judgment affirmed.*