### W. A. LOCKHART

*v.*

### THOMAS M. WOLF.

1. CONTINUANCE—*party's attorney may make affidavit.* It is no valid objection to an affidavit for a continuance, that it is made by the defendant's attorney, where the defendant is a non-resident, and there is no personal service on him.

2. SAME—*less diligence required when there is no actual service.* Where there is no personal service of process on the defendant in attachment, and a copy of the notice is not mailed to him, and he learns of the pendency of the suit too late to take depositions to prove facts material on the defense, the court should grant him a continuance. The same degree of diligence will not be required as in case of personal service.

3. SET-OFF — *of executions.* If one party assigns a judgment in his favor to a third person, who has no notice of the defendant's equities and rights, the assignee will be protected, and, in such case, the defendant can not set-off any subsequent recovery by him, against the same.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. WILDERMAN & HAMILL, for the appellant.

Mr. JAMES M. DILL, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the St. Clair circuit court, by Thomas M. Wolf, plaintiff, and against W. A. Lockhart, defendant, commenced on the second day of November, 1874, counting on services for feeding cattle of defendant, and ·claiming two hundred and ninety dollars and fifty cents therefor. On the seventh day of January, 1875, the plaintiff sued out an attachment in aid of his suit, alleging that defendant was a resident of the county of Bexar, in the State Texas; that his post office address was unknown; and that the firm of Buchanan & Co., of St. Clair county, Illinois, were indebted to the defendant. One of the firm of Buchanan & Co. was served as garnishee.

Notice of the pendency of these proceedings was published

in the proper newspaper, the first insertion of which was on the tenth day of March, 1875, and the last on the eighth day of April thereafter. The term of the court to which the summons in the action of assumpsit was made returnable, was the January term, 1875. The attachment proceedings were set for the April term, which commenced on the third Monday of that month, being the nineteenth day thereof. Under the rules of the court, as we must infer, and in apt time, D. W. Sadler, an attorney of the court, acting on behalf of the defendant, and as his attorney, on the fourth day of May, filed a plea to the action, and gave notice of a set-off, and issues were made up. On May 14, the cause was called for trial, whereupon the attorney of the defendant presented an affidavit of his own, and moved for a continuance thereon, which motion the court denied. By consent, the cause was tried by the court, and judgment rendered, on the plaintiff's testimony alone, for the amount claimed, and defendant appeals.

It is urged, by appellee, as a grave objection to the affidavit for a continuance, that it was made by the attorney of the defendant, and *McCreary* v. *Newberry*, 25 Ill. 496, is cited. As we read that case, it does not appear the affidavit was held objectionable, because made by the attorney. The ground was, that the matter of the affidavit did not fit any of the pleas filed. We can conceive of many cases, in which, from necessity, an attorney of a party may be called upon to make such an affidavit, and the court, in deciding upon it, must consider all the circumstances. Had the defendant been personally served with summons, or had the clerk notified him of the pendency of the suit, by sending to him a copy of the notice as published, all the diligence necessary and required in any case where there has been personal service, or notice, would be required of the defendant, before he should be allowed a continuance; but he had no knowledge of the suit, and in apt time, after the issues were made up, his attorney makes an application for a continuance, showing, in his affidavit, the impossibility of obtaining a deposition, for want of time, and showing the materiality of the testimony. The claim was sustained by the plaintiff's

unsupported testimony. The affidavit states most positively that defendant is not indebted to the plaintiff, but, on the contrary, the plaintiff is indebted to him.

We fail to see in what particular the affidavit is deficient. As much diligence is shown as could be expected under the circumstances, and that the absent testimony was material, can not be questioned. We are of opinion a continuance should have been allowed; that the defendant, not being in default, should have an opportunity to make his defense.

The action was brought on a contract for the agistment of cattle of the defendant, in which he claims damages for losses occasioned by bad treatment of plaintiff. If this judgment stands, defendant is precluded from any recovery against the plaintiff in a subsequent action; and it is stated, in the affidavit, that plaintiff is insolvent, and unable to respond in damages.

It is said, by appellee, in this connection, that appellant can avail of sections 58 and 59 of chapter 77, R. S. 1874, relating to a set-off of executions. But suppose the plaintiff shall assign this judgment, for a valuable consideration, to a third party, without notice of any equity on the part of defendant, what then? Equity would protect the assignee of the judgment, and the defendant's claim be irrecoverably lost.

We are of opinion the cause should have been continued. It was error to refuse a continuance, and, for the error, the judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed.*